# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY C. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1398 |
| | ) | |
| v. | ) | Judge Schwab |
| | ) | Magistrate Judge Caiazza |
| JEFFREY A. BEARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss filed by Defendants Saavedra (Doc. 30) and by Defendants Manchas, Wilson, Krysevig, Harris, Waters, Beard, Shaffer, Maue, Couturier, Gallucci and Mohring (Doc. 34) be denied.

### II. REPORT

The Plaintiff, Anthony C. Allen ("Allen" or "the Plaintiff"), is an inmate confined at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania ("SCI-Fayette"). The Complaint in this matter contains allegations that Allen was assaulted by non-moving Defendants Stoner, Mains, Staley and Schompert, and that the assault occurred at the direction of non-moving Defendant Reposky (Doc. 6, ¶30). Specifically, Allen alleges that he was in the Long Term

Segregation Unit ("LTSU") and, on the pretext of responding to an assault by Allen, Defendants Stoner, Mains, Staley and Schompert forcibly handcuffed Allen and slammed his head into a brick wall (Doc. 6, ¶¶ 31-34). He further alleges that Defendants Stoner and Mains have "extensive histories" of assaulting inmates, and that they have never been reprimanded (Doc. 6, ¶38). It is alleged that Defendants Wilson, Krysevig, Harris and Manchas conspired to cover up the assault by destroying a video tape (Doc. 6, ¶39). Defendants Beard, Maue, Couturier, Gallucci Schaffer and Saavedra are alleged to have "authorized and encouraged" the use of unnecessary force against LTSU inmates (Doc. 6, ¶41).

Presently before the court are a Motion to Dismiss filed by Defendant Saavedra (Doc. 30), and a Motion to Dismiss filed by Manchas, Wilson, Krysevig, Harris, Waters, Beard, Shaffer, Maue, Couturier, Gallucci and Mohring ("the Supervisory Defendants) (Doc. 34).

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court

"retired" the language in <u>Conley v. Gibson</u>, 355 U.S. 41, (1957); *i.e.*, "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" <u>Twombly</u>, 127 S. Ct. at 1968 (quoting <u>Conley</u>, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 1965.

All moving Defendants seek a ruling that Allen has not alleged personal involvement by them in the assault and, therefore, the claims pled against them in their supervisory capacities should be dismissed. Indeed, supervisory liability may not be premised solely upon a theory of *respondeat superior.* <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. <u>Id</u>. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995). Here, although the allegations are minimal, Allen has alleged that the moving Defendants have all been involved, in some fashion, in

encouraging, approving and/or covering up assaultive behavior by the non-moving Defendants.

While a supervising public official has no affirmative duty to supervise and discipline to prevent violations of constitutional rights by his or her subordinates, a supervising official who knowingly permits a continuing custom or policy that results in harm to the plaintiff will be liable under Section 1983. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988), cert. denied, 489 U.S. 1065 (1989). The allegations in the Complaint are sufficient, in the Court's view, to survive the motions to dismiss. This, of course, does not prevent the moving Defendants from addressing these same issues in a motion for summary judgment.

The Supervisory Defendants also assert that they are entitled to qualified immunity with respect to claims made against them. This is an issue best left for summary judgment as well, since the Court cannot, on the allegations made in the Complaint, rule on the merits of a qualified immunity defense.

## CONCLUSION

On the basis of this Report, it is respectfully recommended that the Motions to Dismiss filed by Defendants Saavedra (Doc. 30) and by Defendants Manchas, Wilson, Krysevig, Harris, Waters, Beard, Shaffer, Maue, Couturier, Gallucci and Mohring (Doc. 34) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 3, 2008.

June 17, 2008

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

cc:

ANTHONY C. ALLEN
BQ-6634
SCI Fayette
Box 9999
LaBelle, PA 15450