# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY C. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1398 |
| | ) Judge Schwab |
| JEFFREY A. BEARD, *et al.*, | ) Magistrate Judge Bissoon |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendant Saavedra's Motion for Summary Judgment (Doc. 71) be granted.

### II. REPORT

Plaintiff is a state prisoner incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), located in LaBelle, Pennsylvania. Defendant Peter Saavedra, D.O., is a physician employed at SCI-Fayette. Plaintiff alleges that he was assaulted by other Defendants in October, 2005, and that he was denied medical treatment after the assault, again by someone other than Defendant Saavedra. The only specific allegation in the Complaint concerning Defendant Saavedra is that he authorized physical, mental and emotional abuse of inmates as a form of behavior modification (Doc. 6, ¶ 41).

Defendant Saavedra has filed a Motion for Summary Judgment (Doc. 71) asserting that Plaintiff failed to exhaust administrative remedies. Plaintiff's response was due on or before January 16, 2009, and he has twice been granted extensions of time to respond. The latest due date for Plaintiff's response was May 26, 2009, but none has been filed. Defendant Saavedra's Motion will be considered without benefit of a response.

A.  **Legal Standard**

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" (Fed. Rule Civ. Proc. 56(e) (emphasis added)), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id., 477 U.S. at 251-52.

B.  **Analysis**

No Section 1983 action may be commenced by a prisoner "until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e(a).  An inmate is required to "avail[ ] himself of every process at every turn" in the applicable prison administrative process. Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004).  "[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).

The Pennsylvania Department of Corrections Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance submitted to the Facility Grievance Coordinator; (2) an intermediate level of appeal to the Facility Manager; and (3) a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals.  See Commonwealth of Pennsylvania, DOC, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI.  See also Booth v. Churner, 206 F.3d 289, 293

n.2 (3d Cir.2000) (outlining the grievance review process). Plaintiff submitted three grievances addressing the claims of assault and denial of medical care in this case (Doc. 72-4, Exhibits C, D and E). Defendant Saavedra, however, is not named in any of the grievances, nor are there any allegations in those grievances that would put Saavedra or the Bureau of Corrections on notice that Saavedra's actions were the subject of complaint by Plaintiff.

In Jones v. Bock, 549 U.S. 199, 217 (2007), the Supreme Court held that exhaustion is not *per se* inadequate simply because an individual later sued is not named in a prison grievance. The Court made clear in Jones, however, that the necessity of naming an individual defendant in a grievance will be governed by the applicable prison grievance procedure. Id., 549 U.S. at 217-18. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Id.

In Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004), the Court of Appeals for the Third Circuit examined the procedural requirements of the grievance system employed by the Pennsylvania Department of Corrections with respect to the naming of future defendants within the contents of the initial inmate grievance. The Spruill Court held that, to the extent that the identity of a defendant is a "fact relevant to the claim," the grievance policy requires that the individual's identification be included in the inmate's statement of the facts on the grievance form. Id., at 234. The applicable regulation, DC-ADM 804, VI. A. 1. 7, requires that an "inmate will include a statement of the facts relevant to the claim, . . . the inmate will identify any person(s) who may have information that could be helpful in resolving the grievance." (Doc. 14-2, Ex. 4 at 4-5). "The purpose of the regulation here is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." Spruill, 372 F.3d at 234. Therefore, Plaintiff, in

this case, was required to identify in his grievances "persons who may have information that could be helpful in resolving the grievance." Because Plaintiff did not name Defendant Saavedra in any of his grievances, his administrative remedies have not been exhausted as to any claims against Defendant Saavedra, and Saavedra is entitled to summary judgment.

### III. CONCLUSION

It is respectfully recommended that Defendant Saavedra's Motion for Summary Judgment (Doc. 71) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 27, 2009.

July 9, 2009
s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
ANTHONY C. ALLEN
BQ-6634
SCI Fayette
Box 9999
LaBelle, PA 15450