IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY C. ALLEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-1398 |
| | ) | Judge Schwab |
| JEFFREY A. BEARD, *et al.*, | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Partial Motion for Summary Judgment (Doc. 68) filed by the Department of Corrections ("DOC") Defendants[1] be granted.

### II. REPORT

Plaintiff is a state prisoner incarcerated at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania. Plaintiff alleges that he was assaulted by Defendants Stoner, Mains, Staley and Schompert on October 16, 2005, while Plaintiff was housed in the Long Term Segregation Unit ("LTSU"), and that Defendant Reposky witnessed and directed the assault (Doc. 6, ¶¶ 30-33). This is alleged to have been in retaliation for a grievance Plaintiff previously filed against Defendant Reposky (Id., ¶ 44). Plaintiff further alleges that he was denied medical care by Defendant Bilitski after the assault (Id., ¶¶ 35-37). Defendants Stoner and Mains are said to have "extensive histories" of assaulting inmates, but Defendants Wilson, Krysevig, Harris, Manchas, Mohring and Reposky have "conspired" to exonerate Stoner and Mains of any complaints lodged against them by prisoners (Id., ¶¶ 38-39). Defendant Couturier is alleged

---

[1] Defendants Stoner, Mains, Staley, Schompert, Manchas, Wilson, Krysevig, Harris, Bilitski, Waters, Beard, Shaffer, Maue, Couturier, Gallucci, and Mohring.

have refused to issue an order which would prevent Stoner and Mains from having contact with Plaintiff (Id., ¶ 40). Defendants Beard, Maue, Couturier, Gallucci and Shaffer are alleged to have authorized and encouraged the use of "physical, mental and emotional abuse" on prisoners (Id., ¶ 41). Defendants Mohring and Waters are alleged to have created false records to frustrate Plaintiff's grievances concerning the alleged assault (Id., ¶ 42). Defendants Wilson, Krysevig and Harris were "deliberately indifferent" by keeping Plaintiff in the LTSU (Id., ¶ 43).

The DOC Defendants filed a Motion for Partial Summary Judgment (Doc. 68) on December 16, 2008, seeking to dismiss all claims, except for the claims of excessive force and retaliation against Defendants Stoner, Mains, Staley, Schompert, and Reposky. Plaintiff's response was due on January 16, 2009, but he was granted two extensions of time to respond, and his response was most recently due on May 26, 2009. No response has been filed. The Motion should be granted as it is unopposed, and for the additional reasons that follow.

**A. Legal Standard**

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" (Fed. Rule Civ. Proc. 56(e) (emphasis added)), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., 477 U.S. at 251-52.

B. <u>Analysis</u>

1. **Official Capacity claims.**

The DOC Defendants assert that Plaintiff's claims against them in their "official capacities" are the functional equivalent of claims against the Commonwealth of Pennsylvania and, hence, are barred. Indeed, a lawsuit against the Commonwealth of Pennsylvania would be barred by the Eleventh Amendment. <u>Quern v. Jordan</u>, 440 U.S. 332, 340-341 (1979). When individual Commonwealth employees are sued in their official capacity, the action is considered to be against the Commonwealth itself. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). The immunities available to the individual Defendants sued in their official capacity are the same as those possessed by the Commonwealth and, accordingly, Plaintiff's "official capacity" Section 1983 claims are barred and Defendants are entitled to summary judgment. <u>Id</u>., at 167.

2. **Supervisory liability.**

The DOC Defendants next assert that Plaintiff has failed to present evidence of personal involvement by Defendants Beard, Shaffer, Maue, Couturier, Gallucci, Mohring, Manchas, Wilson, Krysevig, Harris, and Waters. Supervisory liability may not be premised solely upon a theory of *respondeat superior*. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. <u>Id</u>. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Here, Plaintiff does not allege that any of the moving Defendants participated in the assault, or in the alleged denial of medical care. Further, during his deposition in this matter, Plaintiff testified that the only Defendants who participated in the alleged wrongdoing were Defendants Stoner, Mains, Staley, Schompert, Reposky and Bilitiski (E.g., Doc. 68-2, pp. 4-5 (Defendant Beard only handled the grievance and was a supervisor); p. 5 (Defendant Shaffer "same thing as Beard")). And, while Plaintiff alleges in the Complaint that Defendants Mains and Stoner have "extensive histories" of abusing inmates, Plaintiff has not presented any evidence to this effect. Plaintiff's allegations, when read along with his deposition testimony, are nothing more than an attempt to impose liability on all supervisory personnel by the mere fact of their position of authority. The only actions taken by any of the supervisory personnel were their handling of grievances and appeals from the denial of grievances. This simply is not sufficient to establish supervisory liability under Section 1983. Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W. D. Pa. 2006) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. 1997)(concurrence in an administrative appeal process is insufficient to establish personal involvement).

### 3. Conspiracy.

Plaintiff alleges that Defendants conspired to deny him his civil rights, and he mentions 42 U.S.C. § 1985 in his Complaint. The essential elements of a Section 1985 claim are these: (1) a conspiracy; (2) motivated by racial or class-based discriminatory animus; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or a deprivation of any right or privilege. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997). To state a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege that "racial, or otherwise class-based,

invidiously discriminatory animus lay behind the defendants' actions," and must "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott v. Abramsen, 200 Fed. Appx. 163, 165 (3d Cir. 2006); see also Griffin v. Breckenridge, 403 U.S. 88, 102,(1971). "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir.1992). It is imperative, therefore, for Allen to "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott, 200 Fed.Appx. at 165 (citing Forbes v. Reno, 893 F.Supp. 476, 483 (W.D.Pa.1995), aff'd, 91 F.3d 123 (3d Cir.1996)) (table).

Plaintiff has provided no evidence that any of the named Defendants engaged in a conspiracy. His allegations of a the existence of a conspiracy, without more, are insufficient to withstand Defendants' motion for summary judgment.

### 4. Denial of medical care – Defendant Bilitski.

The denial of medical care claims against supervisory personnel should be dismissed for failure to allege personal involvement as set forth above. What remains is Plaintiff's claim against Defendant Bilitiski for failing to provide him treatment immediately after the alleged assault. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.

The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person easily would recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). Further, the denial of medical treatment must result in "an unnecessary and wanton infliction of pain" or be "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105-106. "[T]o state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105.

Plaintiff detailed his injuries, and the treatment he received, during his deposition. Plaintiff suffered "lumps" on his forehead, and had a scrape on his leg after the alleged assault (Doc. 68-2, p. 42). He also had "a little cut" on his forehead (Id., p. 43). Plaintiff was seen by Defendant Bilitiski, a nurse, shortly after the incident, and she told him to sign up for sick call. Plaintiff did not request a Band-Aid for his cut, or any other treatment at that time (Id.). Plaintiff signed up for sick call, and was seen the following day by a physician's assistant who did provide treatment (Id., p. 23)[2]. Plaintiff's own testimony establishes that he suffered only minor injuries during the confrontation on October 16, 2005, and that he was immediately seen by Nurse Bilitski. Consistent with Plaintiff having suffered minor injuries, Bilitski told Plaintiff to sign up for sick call for the following day, during which he did receive treatment. Accepting

---

[2] Defendants indicate that Plaintiff was given Tylenol by the physician's assistant, but have not provided the Court with the relevant portion of Plaintiff's deposition supporting this factual averment. Hence, the Court is unable to indicate with certainty the type of treatment Plaintiff received the day after the alleged assault. It is clear, however, that Plaintiff has no complaint with the treatment he received from the physician's assistant. Plaintiff has not sued the physician's assistant. Instead, Plaintiff's sole assertion of "deliberate indifference" is that Defendant Bilitiski should have provided some unspecified treatment immediately after the alleged assault.

6

Plaintiff's own description of his injuries and the treatment provided, Plaintiff received immediate medical attention, and was given treatment consistent with the minor injuries he sustained. Defendant Bilitski was not deliberately indifferent to Plaintiff's medical needs.

### III. CONCLUSION

It is respectfully recommended that the Partial Motion for Summary Judgment (Doc. 68) filed by the Department of Corrections ("DOC") Defendants be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 27, 2009.


July 9, 2009                                    s/Cathy Bissoon
                                                CATHY BISSOON
                                                UNITED STATE MAGISTRATE JUDGE



**Cc:**
ANTHONY C. ALLEN
BQ-6634
SCI Fayette
Box 9999
LaBelle, PA 15450