**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**ANTHONY C. ALLEN,**

          **PLAINTIFF(S),**                **07CV1398
ELECTRONICALLY FILED**

  **V.**

**GEORGE REPOSKY, ET AL.**

          **DEFENDANT(S).**


**<u>FINAL JURY INSTRUCTIONS</u>**


**I.**    **GENERAL INSTRUCTIONS**.

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW.

INITIALLY, WE HAVE GIVEN YOU COPIES OF THE SPECIAL VERDICT FORM ON WHICH YOU WILL ANSWER SPECIFIC QUESTIONS.  PLEASE TAKE A FEW MINUTES TO READ THE FORM, AS THE INSTRUCTIONS I AM ABOUT TO GIVE YOU WILL HELP YOU ANSWER THOSE QUESTIONS.

AS JUDGES OF THE FACTS, IT IS YOUR DUTY TO DETERMINE FROM THE EVIDENCE WHAT ACTUALLY HAPPENED IN THIS CASE,

APPLYING THE LAW AS I NOW EXPLAIN IT.  YOU MUST CONSIDER

MY INSTRUCTIONS AS A WHOLE; DO NOT DISREGARD OR GIVE

SPECIAL ATTENTION TO ANY ONE INSTRUCTION; AND DO NOT

QUESTION THE WISDOM OF ANY RULE OF LAW OR RULE OF

EVIDENCE I STATE.  IN OTHER WORDS, DO NOT SUBSTITUTE YOUR

OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO

BE.

IF I HAVE REFERRED TO THE FACTS OR THE PARTIES'

CONTENTIONS, IT WAS ONLY TO PLACE THE EVIDENCE AND

ARGUMENTS IN PERSPECTIVE.  IF I ASKED ANY QUESTIONS OF

ANY WITNESSES OR OF THE ATTORNEYS, IT WAS TO CLARIFY

MATTERS I FELT SHOULD HAVE BEEN CLARIFIED, AND NOT IN ANY

WAY TO INDICATE THE COURT'S OPINION ABOUT THE FACTS OR

THE TESTIMONY OF THE WITNESS.  MY OPINION ABOUT THE FACTS

AND THE PARTIES' CONTENTIONS IS NOT IMPORTANT BECAUSE

YOU, AND YOU ALONE, ARE THE SOLE FINDERS OF THE FACTS.

## II.   EVIDENCE.

WHAT IS EVIDENCE

I HAVE MENTIONED THE WORD "EVIDENCE."  THE "EVIDENCE" IN THIS CASE CONSISTS OF THE TESTIMONY OF WITNESSES, THE DOCUMENTS AND OTHER PHYSICAL ITEMS, IF ANY, RECEIVED AS EXHIBITS, AND ANY FACTS STIPULATED BY THE PARTIES.

EXHIBITS

COUNSEL FOR THE PLAINTIFF AND THE DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS. THIS MEANS THAT THESE EXHIBITS MEET THE REQUIREMENTS OF THE RULES OF EVIDENCE AND THEREFORE HAVE BEEN ADMITTED FOR YOUR CONSIDERATION.  THIS DOES NOT MEAN THAT THE PARTIES AGREE AS TO THE INFERENCES OR CONCLUSIONS THAT YOU SHOULD OR MAY DRAW FROM ANY EXHIBIT.

STIPULATIONS OF FACT ARE FILED

THE PARTIES HAVE AGREED, OR STIPULATED, TO CERTAIN FACTS AS BEING TRUE AND THOSE STIPULATIONS HAVE BEEN PLACED ON THE RECORD IN THIS TRIAL. YOU MUST TREAT ANY STIPULATIONS OF FACT AS HAVING BEEN PROVED FOR THE PURPOSES OF THIS CASE.


WHAT IS NOT EVIDENCE

THE FOLLOWING THINGS ARE NOT EVIDENCE:

1. STATEMENTS, ARGUMENTS, QUESTIONS AND COMMENTS BY THE LAWYERS ARE NOT EVIDENCE.

2. LIKEWISE, OBJECTIONS ARE NOT EVIDENCE.  LAWYERS HAVE EVERY RIGHT TO OBJECT WHEN THEY BELIEVE SOMETHING IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION.  IF I SUSTAINED AN OBJECTION TO A QUESTION, YOU MUST IGNORE THE QUESTION AND MUST NOT TRY TO GUESS WHAT THE ANSWER MIGHT HAVE BEEN.

3. ANY TESTIMONY THAT I ORDERED STRICKEN FROM THE RECORD, OR TOLD YOU TO DISREGARD, IS NOT EVIDENCE AND YOU MUST NOT CONSIDER ANY SUCH MATTER.

4. ANYTHING YOU SAW OR HEARD ABOUT THIS CASE
OUTSIDE THE COURTROOM IS NOT EVIDENCE. YOU MUST DECIDE
THE CASE ONLY ON THE EVIDENCE PRESENTED HERE IN THE
COURTROOM. DO NOT LET RUMORS, SUSPICIONS, OR ANYTHING
ELSE THAT YOU MAY SEE OR HEAR OUTSIDE OF COURT
INFLUENCE YOUR DECISION IN ANY WAY.

### EVIDENCE, INFERENCES AND COMMON SENSE

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE
CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO
DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY
AND EXHIBITS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR
COMMON EXPERIENCE, REASON AND COMMON SENSE.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

IN THIS REGARD, YOU MAY CONSIDER EITHER DIRECT OR
CIRCUMSTANTIAL EVIDENCE.  "DIRECT EVIDENCE" IS THE
TESTIMONY OF SOMEONE WHO ASSERTS ACTUAL KNOWLEDGE OF
A FACT, SUCH AS AN EYEWITNESS.  "CIRCUMSTANTIAL EVIDENCE"
IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES FROM

WHICH YOU MAY INFER THAT SOMETHING EITHER DID OR DID NOT HAPPEN.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  IT REQUIRES ONLY THAT YOU WEIGH ALL OF THE EVIDENCE AND BE CONVINCED THAT THE PARTY HAS MET THE BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE BEFORE YOU RETURN A VERDICT FOR THAT PARTY.

### BIAS, SYMPATHY AND PREJUDICE

YOU MAY NOT ALLOW SYMPATHY OR PERSONAL FEELINGS TO INFLUENCE YOUR DETERMINATION.  YOUR DUTY IS TO DECIDE THE CASE SOLELY ON THE BASIS OF THE EVIDENCE OR LACK OF EVIDENCE AND THE LAW AS I HAVE INSTRUCTED YOU, WITHOUT BIAS, PREJUDICE OR SYMPATHY FOR OR AGAINST THE PARTIES OR THEIR COUNSEL.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

EQUAL STANDING

YOU SHOULD CONSIDER THIS CASE AS AN ACTION BETWEEN

PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL

WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE.

A GOVERNMENTAL ENTITY, AND A PRIVATE INDIVIDUAL ARE BOTH

ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS.  THAT IS, ALL

PARTIES ARE TO BE DEALT WITH AS EQUALS IN A COURT OF

JUSTICE.


EVIDENCE ADMITTED FOR A LIMITED PURPOSE

IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY

FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL

PURPOSES.  WHENEVER EVIDENCE WAS ADMITTED FOR A LIMITED

PURPOSE, CONSIDER IT ONLY FOR THAT PURPOSE, AND NO

OTHER PURPOSE.


NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY

YOU ARE NOT REQUIRED TO ACCEPT ANY TESTIMONY, EVEN

THOUGH THE TESTIMONY IS UNCONTRADICTED AND THE WITNESS

IS NOT IMPEACHED.  YOU MAY DECIDE, BECAUSE OF THE

WITNESS'S BEARING AND DEMEANOR, BECAUSE OF THE INHERENT IMPROBABILITY OF HIS OR HER TESTIMONY, OR BECAUSE OF OTHER REASONS SUFFICIENT TO YOU, THAT SUCH TESTIMONY IS NOT WORTHY OF BELIEF.

JURORS' NOTES

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE. NOTES ARE ONLY AN AID TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT THE EVIDENCE ACTUALLY IS. YOU SHOULD NOT DISCLOSE ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES. IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.

## III.   CREDIBILITY OF WITNESSES/ WEIGHT OF TESTIMONY IN GENERAL.

IN GENERAL

YOU MUST CONSIDER ALL OF THE EVIDENCE, BUT THIS DOES NOT MEAN YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, BY THE MANNER IN WHICH THE WITNESS TESTIFIES, BY THE CHARACTER OF THE TESTIMONY GIVEN AND BY EVIDENCE OR TESTIMONY TO THE CONTRARY.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE, STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO HAVE OBSERVED THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF

THESE MATTERS. CONSIDER ANY BUSINESS, PERSONAL OR OTHER RELATIONSHIP A WITNESS MIGHT HAVE WITH EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

### INCONSISTENCIES OR DISCREPANCIES

CONSIDER INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN DIFFERENT WITNESSES, WHICH MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY, AND INNOCENT MIS-RECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, GIVE THE TESTIMONY OF EACH WITNESS THE WEIGHT YOU THINK IT DESERVES. YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

FALSE IN ONE, FALSE IN ALL

IF YOU FIND THAT A WITNESS HAS LIED TO YOU IN ANY MATERIAL PORTION OF HIS OR HER TESTIMONY, YOU MAY DISREGARD THAT WITNESS'S TESTIMONY IN ITS ENTIRETY.  I SAY THAT YOU MAY DISREGARD SUCH TESTIMONY, NOT THAT YOU MUST.  HOWEVER, YOU SHOULD CONSIDER WHETHER THE UNTRUE PART OF THE TESTIMONY WAS THE RESULT OF A MISTAKE OR INADVERTENCE, OR WAS, RATHER, WILLFUL AND STATED WITH A DESIGN OR INTENT TO DECEIVE.

NUMBER OF WITNESSES NOT IMPORTANT

THE WEIGHT OF THE EVIDENCE IS NOT DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR EITHER SIDE.  YOU MAY FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THAT OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

PLAINTIFF HAS THE BURDEN OF PROOF IN THIS CASE TO PROVE ALL OF THE ELEMENTS OF HIS CLAIMS. THIS IS A CIVIL CASE AND PLAINTIFF'S BURDEN I AM TALKING ABOUT IS THE BURDEN TO ESTABLISH EACH ELEMENT OF THE CLAIM BY A PREPONDERANCE OF THE EVIDENCE.

A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS THE BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. THIS RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, BECAUSE ABSOLUTE CERTAINTY IS SELDOM IF EVER POSSIBLE. WHEN YOU GO INTO THE JURY ROOM, IMAGINE THAT YOU HAVE ON THE TABLE THE SCALES OF JUSTICE, ON WHICH TWO TRAYS ARE HANGING EVENLY IN BALANCE.  NOW LABEL THE RIGHT HAND TRAY "PLAINTIFF'S TRAY" AND PUT ONTO THAT TRAY ALL OF THE EVIDENCE ON A PARTICULAR CLAIM WHICH YOU FEEL FAVORS PLAINTIFF, GIVING TO THAT EVIDENCE THE WEIGHT THAT YOU

BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE.

NEXT PLACE ON "DEFENDANTS' TRAY" ALL OF THE EVIDENCE IN THE CASE THAT FAVORS DEFENDANTS' SIDE OF THAT CLAIM, AGAIN GIVING TO THAT EVIDENCE THE WEIGHT THAT YOU BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE.  THE WEIGHT OF THE EVIDENCE IS NOT THE NUMBER OF PERSONS TESTIFYING AGAINST EITHER PARTY, RATHER IT IS THE QUALITY OF THE TESTIMONY GIVEN.  FOR EXAMPLE, ONE PERSON WHO SAW AN EVENT AND TESTIFIED ACCURATELY AS TO WHAT WAS SEEN MAY HAVE THE SAME WEIGHT AS TEN PERSONS TESTIFYING TO THE SAME EVENT ON THE OTHER SIDE.  THEN, IF PLAINTIFF'S TRAY GOES DOWN, IN OTHER WORDS, IF PLAINTIFF'S TRAY OUTWEIGHS DEFENDANTS' EVIDENCE, PLAINTIFF HAS SUSTAINED HIS BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE AND YOUR VERDICT SHOULD BE FOR PLAINTIFF AND AGAINST DEFENDANTS ON THAT CLAIM.

<u>DEFENDANTS' STATUS DOES NOT INFER LIABILITY</u>

SIMPLY BECAUSE A DEFENDANT IS SUED DOES NOT MEAN THAT THE DEFENDANT IS LIABLE.  ANYONE CAN FILE A LAWSUIT OR A DISCRIMINATION CHARGE. THE FACT THAT THE PLAINTIFF HAS FILED THIS LAWSUIT DOES NOT, IN ITSELF, MEAN THAT DEFENDANTS HAVE DONE ANYTHING THAT THE LAW PROHIBITS. THAT IS FOR YOU TO DECIDE ON THE BASIS OF THE EVIDENCE.

## IV.   SUBSTANTIVE LAW

<u>CIVIL RIGHTS ACTION GENERALLY</u>

PLAINTIFF ANTHONY ALLEN IS SUING UNDER SECTION 1983, A CIVIL RIGHTS LAW PASSED BY CONGRESS THAT PROVIDES A REMEDY TO PERSONS WHO HAVE BEEN DEPRIVED OF THEIR FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW.

SPECIFICALLY, PLAINTIFF ALLEGES THAT DEFENDANTS MARK MAINS, GEORGE REPOSKY, MICHAEL SCHOMPERT, LEROY STALEY, AND CLAYTON STONER SUBJECTED HIM TO DEPRIVATION OF RIGHTS AND PRIVILEGES SECURED AND PROTECTED BY THE FIRST AND EIGHTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

<u>SECTION 1983 GENERALLY</u>

THE FEDERAL CIVIL RIGHTS ACT UNDER WHICH PLAINTIFF BRINGS THIS SUIT WAS ENACTED BY CONGRESS TO ENFORCE THE UNITED STATES CONSTITUTION.

SECTION 1983, THE FEDERAL CIVIL RIGHTS STATUTE UNDER WHICH PLAINTIFF SUES, STATES, "EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR

USAGE, OF ANY STATE OR TERRITORY OR THE DISTRICT OF

COLUMBIA, SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY

CITIZEN OF THE UNITED STATES OR ANY PERSON WITHIN THE

JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS,

PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION

AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN

ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROCEEDING FOR

REDRESS . . .."

IN OTHER WORDS, IT PROVIDES THAT A PERSON MAY SEEK

RELIEF IN THIS COURT BY WAY OF DAMAGES AGAINST ANY

PERSON OR PERSONS WHO, UNDER COLOR OF ANY LAW OR

CUSTOM, SUBJECTS A CITIZEN (HERE PLAINTIFF) TO THE

DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES

SECURED OR PROTECTED BY THE CONSTITUTION OR LAWS OF

THE UNITED STATES.

ELEMENTS OF SECTION 1983 CLAIM

TO PREVAIL ON HIS SECTION 1983 CLAIM, PLAINTIFF MUST

PROVE BOTH OF THE FOLLOWING ELEMENTS BY A

PREPONDERANCE OF THE EVIDENCE:

FIRST:  DEFENDANTS ACTED UNDER COLOR OF STATE LAW.

SECOND:  WHILE ACTING UNDER COLOR OF STATE LAW,

DEFENDANTS DEPRIVED PLAINTIFF OF THE FEDERAL

CONSTITUTIONAL RIGHT TO BE FREE FROM CRUEL AND UNUSUAL

PUNISHMENT WHILE IN THE STATE'S CUSTODY AND/OR TO BE

FREE FROM RETALIATION FOR EXERCISING CONSTITUTIONALLY

PROTECTED SPEECH.

<u>UNDER COLOR OF LAW</u>

BECAUSE DEFENDANTS WERE EMPLOYED AS, AND ACTIVELY

WORKING AS, CORRECTIONS OFFICERS FOR THE PENNSYLVANIA

DEPARTMENT OF CORRECTIONS AT THE RELEVANT TIME, I

INSTRUCT YOU THAT THEY WERE ACTING UNDER COLOR OF

STATE LAW.  IN OTHER WORDS, THIS ELEMENT OF PLAINTIFF'S

CLAIM IS NOT IN DISPUTE, AND YOU MUST FIND THAT THIS

ELEMENT HAS BEEN ESTABLISHED.

<u>DEPRIVATION OF A FEDERAL RIGHT</u>

I HAVE ALREADY INSTRUCTED YOU ON THE FIRST ELEMENT

OF PLAINTIFF'S SECTION 1983 CLAIM, WHICH REQUIRES PLAINTIFF

TO PROVE THAT DEFENDANTS ACTED UNDER COLOR OF STATE LAW.

THE SECOND ELEMENT OF PLAINTIFF'S CLAIM IS THAT
DEFENDANTS DEPRIVED HIM OF HIS FEDERAL CONSTITUTIONAL
RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT
WHILE IN STATE CUSTODY AND/OR HIS FEDERAL CONSTITUTIONAL
RIGHT TO BE FREE FROM RETALIATION FOR EXERCISING HIS
RIGHT TO FREE SPEECH.  HERE, PLAINTIFF MUST PROVE THAT
DEFENDANTS SUBJECTED HIM TO CRUEL AND UNUSUAL
PUNISHMENT BY USING EXCESSIVE FORCE.  PLAINTIFF CAN ALSO
MEET THIS ELEMENT BY PROVING THAT DEFENDANT, MR.
REPOSKY, RETALIATED AGAINST HIM FOR EXERCISING HIS FIRST
AMENDMENT RIGHT TO FILE A GRIEVANCE IN THE PRISON SYSTEM.

### EIGHTH AMENDMENT VIOLATION – EXCESSIVE FORCE

THE EIGHTH AMENDMENT TO THE UNITED STATES
CONSTITUTION, WHICH PROHIBITS CRUEL AND UNUSUAL
PUNISHMENT, PROTECTS CONVICTED PRISONERS FROM THE
MALICIOUS AND SADISTIC USE OF PHYSICAL FORCE BY PRISON
OFFICIALS.

IN THIS CASE, THE PLAINTIFF CLAIMS THAT HE WAS
SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION

OF THE EIGHTH AMENDMENT.  PLAINTIFF CLAIMS THIS VIOLATION RESULTED FROM DEFENDANTS SCHOMPERT, STONER, STALEY, AND MAINS' USE OF EXCESSIVE FORCE AGAINST HIM.  IN THIS REGARD, YOU ARE INSTRUCTED THAT, AS AN INMATE, PLAINTIFF HAS A RIGHT UNDER THE EIGHTH AMENDMENT NOT TO BE SUBJECTED TO UNNECESSARY, UNREASONABLE, AND GROSSLY EXCESSIVE FORCE BY PRISON OFFICIALS.  ON THE OTHER HAND, PRISON OFFICIALS ARE PERMITTED TO USE FORCE WHEN NECESSARY TO MAINTAIN OR RESTORE DISCIPLINE, BUT THEY MAY NOT USE FORCE MALICIOUSLY OR SADISTICALLY TO CAUSE HARM.

"MALICIOUSLY" MEANS INTENTIONALLY INJURING ANOTHER WITHOUT JUST CAUSE OR REASON.  TO ACT "MALICIOUSLY" MEANS INTENTIONALLY TO DO A WRONGFUL ACT WITHOUT JUST CAUSE OR EXCUSE, WITH AN INTENTION TO INFLICT INJURY OR UNDER CIRCUMSTANCES THAT SHOW AN EVIL INTENT.

"SADISTICALLY" MEANS ENGAGING IN EXTREME OR EXCESSIVE CRUELTY OR DELIGHTING IN CRUELTY.

IN DECIDING WHETHER PLAINTIFF HAS PROVEN HIS CLAIM, YOU SHOULD CONSIDER WHETHER THE DEFENDANTS USED FORCE AGAINST PLAINTIFF, WHETHER THERE WAS A NEED FOR THE APPLICATION OF FORCE, AND THE RELATIONSHIP BETWEEN THAT NEED FOR FORCE, IF ANY, AND THE AMOUNT OF FORCE APPLIED.  IN CONSIDERING WHETHER THERE WAS A NEED FOR FORCE, YOU SHOULD CONSIDER ALL RELEVANT FACTS AND CIRCUMSTANCES THAT DEFENDANTS REASONABLY BELIEVED TO BE TRUE AT THE TIME OF THE ENCOUNTER.  SUCH CIRCUMSTANCES CAN INCLUDE WHETHER THE DEFENDANTS REASONABLY PERCEIVED A THREAT TO THE SAFETY OF STAFF OR INMATES, AND IF SO, THE EXTENT OF THAT THREAT.  IN ADDITION, YOU SHOULD CONSIDER WHETHER THE DEFENDANTS MADE ANY EFFORTS TO TEMPER THE SEVERITY OF THE FORCE THEY USED.

YOU SHOULD ALSO CONSIDER WHETHER PLAINTIFF WAS PHYSICALLY INJURED AND THE EXTENT OF HIS INJURIES.  BUT A USE OF FORCE CAN VIOLATE THE EIGHTH AMENDMENT EVEN IF IT DOES NOT CAUSE SIGNIFICANT INJURY.  ALTHOUGH THE EXTENT OF ANY INJURIES TO MR. ALLEN MAY HELP YOU ASSESS WHETHER A USE OF FORCE WAS LEGITIMATE, A MALICIOUS AND SADISTIC

USE OF FORCE VIOLATES THE EIGHTH AMENDMENT EVEN IF IT
PRODUCES NO SIGNIFICANT PHYSICAL INJURY.

SUPERVISORY LIABILITY FOR EIGHTH AMENDMENT
VIOLATION – EXCESSIVE FORCE

THERE ARE FIVE (5) DEFENDANTS IN THIS CASE.  THEY ARE:
GEORGE REPOSKY, M. F. SCHOMPERT, C. A. STONER, L. W.
STALEY, AND M. MAINS.  YOU MAY FIND ONE, ALL, OR ANY
COMBINATION OF THESE FIVE DEFENDANTS LIABLE.  IT DOES NOT
NECESSARILY FOLLOW THAT, IF ONE IS LIABLE, THEN ANOTHER
ONE IS ALSO LIABLE.

PLAINTIFF CONTENDS THAT GEORGE REPOSKY'S
SUBORDINATES, DEFENDANTS MAINS, SCHOMPERT, STALEY, AND
STONER, VIOLATED PLAINTIFF'S FEDERAL RIGHTS, AND THAT
GEORGE REPOSKY SHOULD BE LIABLE FOR THEIR CONDUCT.  IF
YOU FIND THAT ANY OF MR. REPOSKY'S SUBORDINATES VIOLATED
PLAINTIFF'S FEDERAL RIGHTS, THEN YOU MUST CONSIDER
WHETHER MR. REPOSKY CAUSED THEIR CONDUCT.

TO BE LIABLE FOR VIOLATING PLAINTIFF'S CIVIL RIGHTS,
EACH DEFENDANT MUST HAVE BEEN PERSONALLY INVOLVED IN

THE WRONGFUL CONDUCT

MR. REPOSKY IS NOT LIABLE FOR SUCH VIOLATION SIMPLY
BECAUSE MR. REPOSKY WAS SUPERVISING THE OTHER
DEFENDANTS.  TO SHOW THAT MR. REPOSKY CAUSED HIS
SUBORDINATES' CONDUCT, PLAINTIFF MUST SHOW THAT MR.
REPOSKY HAD ACTUAL KNOWLEDGE OF HIS SUBORDINATES'
VIOLATION OF PLAINTIFF'S RIGHTS AND MR. REPOSKY
ACQUIESCED IN THAT VIOLATION.

TO "ACQUIESCE" IN A VIOLATION MEANS TO GIVE ASSENT TO
THE VIOLATION.  ACQUIESCENCE DOES NOT REQUIRE A
STATEMENT OF ASSENT, OUT LOUD:  ACQUIESCENCE CAN OCCUR
THROUGH SILENT ACCEPTANCE.  IF YOU FIND THAT MR. REPOSKY
HAD AUTHORITY OVER DEFENDANTS MAINS, SCHOMPERT, STALEY,
AND STONER, AND THAT MR. REPOSKY ACTUALLY KNEW THAT
THEY WERE VIOLATING PLAINTIFF'S RIGHTS BUT FAILED TO STOP
THEM FROM DOING SO, YOU MAY INFER THAT MR. REPOSKY
ACQUIESCED IN THE SUBORDINATES' CONDUCT.

<u>EIGHTH AMENDMENT VIOLATION – FAILURE TO INTERVENE</u>

PLAINTIFF CONTENDS THAT MR. REPOSKY VIOLATED HIS EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND THAT MR. REPOSKY SHOULD BE LIABLE FOR THAT VIOLATION BECAUSE HE FAILED TO INTERVENE TO STOP THE VIOLATION.

MR. REPOSKY IS LIABLE FOR THAT VIOLATION IF PLAINTIFF HAS PROVEN ALL OF THE FOLLOWING FOUR THINGS BY A PREPONDERANCE OF THE EVIDENCE:

FIRST:  DEFENDANTS MAINS, SCHOMPERT, STALEY, AND STONER VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

SECOND:  MR. REPOSKY HAD A DUTY TO INTERVENE.  I INSTRUCT YOU THAT CORRECTIONS OFFICERS HAVE A DUTY TO INTERVENE TO PREVENT THE USE OF EXCESSIVE FORCE BY A FELLOW OFFICER.

THIRD:  MR. REPOSKY HAD A REASONABLE OPPORTUNITY TO INTERVENE.

FOURTH:  MR. REPOSKY FAILED TO INTERVENE.

FIRST AMENDMENT VIOLATION – RETALIATION

PLAINTIFF CLAIMS THAT HE WAS DEPRIVED OF HIS RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.  THE FIRST AMENDMENT PROTECTS, AMONG OTHER THINGS, A PRISON INMATE'S RIGHT TO FILE GRIEVANCES REGARDING CERTAIN DEPRIVATIONS WITHIN THE PRISON FACILITY WITHOUT FEAR OF RETALIATION.  IN THIS CASE, PLAINTIFF CLAIMS THAT HE FILED A GRIEVANCE AT SCI FAYETTE REGARDING WHAT HE BELIEVED TO BE AN IMPROPER DENIAL OF ACCESS TO THE LAW LIBRARY BY MR. REPOSKY.  PLAINTIFF CLAIMS THAT MR. REPOSKY RETALIATED AGAINST HIM FOR FILING THIS GRIEVANCE BY SUPERVISING, AND FAILING TO INTERVENE, WHEN PLAINTIFF WAS THE SUBJECT OF EXCESSIVE FORCE AT THE HANDS OF DEFENDANTS MAINS, SCHOMPERT, STALEY, AND STONER.  A PRISONER HAS A CONSTITUTIONALLY PROTECTED RIGHT TO ACCESS THE INTERNAL PRISON GRIEVANCE SYSTEM TO SEEK REDRESS FOR THE MISCONDUCT OF PRISON GUARDS.

IN ORDER FOR PLAINTIFF TO RECOVER ON THIS CLAIM AGAINST MR. REPOSKY, PLAINTIFF MUST PROVE THE FOLLOWING

TWO ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

- · PLAINTIFF SUFFERED SOME "ADVERSE ACTION" AT THE HANDS OF PRISON OFFICIALS.  THIS REQUIREMENT IS SATISFIED IF A PRISONER DEMONSTRATES THAT THE ACTION WAS SUFFICIENTLY SERIOUS TO DETER AN INDIVIDUAL OF ORDINARY FIRMNESS FROM EXERCISING HIS CONSTITUTIONAL RIGHT TO FREE SPEECH.

- · PLAINTIFF MUST PROVE THAT THIS CONSTITUTIONALLY PROTECTED SPEECH (*I.E.*, FILING A GRIEVANCE) WAS A MOTIVATING FACTOR IN MR. REPOSKY'S ACTIONS.

DAMAGES FOR VIOLATION OF SECTION 1983 - COMPENSATORY

IF YOU FIND THAT DEFENDANTS VIOLATED SECTION 1983,

THEN YOU MUST CONSIDER THE ISSUE OF COMPENSATORY

DAMAGES.  YOU MUST AWARD PLAINTIFF AN AMOUNT THAT WILL

FAIRLY COMPENSATE HIM FOR ANY INJURY HE ACTUALLY

SUSTAINED AS A RESULT OF DEFENDANTS' CONDUCT.

COMPENSATORY DAMAGES MUST NOT BE BASED ON

SPECULATION OR SYMPATHY.  THEY MUST BE BASED ON THE

EVIDENCE PRESENTED AT TRIAL, AND ONLY ON THAT EVIDENCE.

MR. ALLEN HAS THE BURDEN OF PROVING COMPENSATORY

DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.

PLAINTIFF CLAIMS THE FOLLOWING ITEMS OF DAMAGES:

· PHYSICAL HARM TO PLAINTIFF DURING THE EVENTS AT
ISSUE, INCLUDING PHYSICAL PAIN.  IN ASSESSING SUCH
HARM, YOU SHOULD CONSIDER THE NATURE AND EXTENT OF
THE INJURY AND WHETHER THE INJURY IS TEMPORARY OR PERMANENT

· EMOTIONAL AND MENTAL HARM TO PLAINTIFF DURING AND
AFTER THE EVENTS AT ISSUE, INCLUDING FEAR,
HUMILIATION, AND MENTAL ANGUISH, AND ANY SUCH
EMOTIONAL AND MENTAL HARM THAT PLAINTIFF IS
REASONABLY CERTAIN TO EXPERIENCE IN THE FUTURE.

DAMAGES FOR VIOLATION OF SECTION 1983 - NOMINAL

IF YOU RETURN A VERDICT IN FAVOR OF PLAINTIFF, BUT FIND

THAT HE HAS FAILED TO PROVE COMPENSATORY DAMAGES, THEN

YOU MUST AWARD NOMINAL DAMAGES OF $1.00.

A PERSON WHOSE FEDERAL RIGHTS WERE VIOLATED IS

ENTITLED TO RECOGNITION OF THAT VIOLATION, EVEN IF HE

SUFFERED NO ACTUAL INJURY.  NOMINAL DAMAGES (OF $1.00)

ARE DESIGNED TO ACKNOWLEDGE THE DEPRIVATION OF A

FEDERAL RIGHT, EVEN WHERE NO ACTUAL INJURY OCCURRED.

HOWEVER, IF YOU FIND ACTUAL INJURY, YOU MUST AWARD

COMPENSATORY DAMAGES (AS I INSTRUCTED YOU), RATHER

THAN NOMINAL DAMAGES.

DAMAGES FOR VIOLATIONS OF SECTION 1983 - PUNITIVE

IF YOU HAVE FOUND BY A PREPONDERANCE OF THE

EVIDENCE THAT DEFENDANTS ACTED MALICIOUSLY AND

WANTONLY IN VIOLATING PLAINTIFF'S FEDERALLY PROTECTED

RIGHTS, THEN YOU MAY CONSIDER AWARDING PUNITIVE DAMAGES

IN ADDITION TO NOMINAL OR COMPENSATORY DAMAGES.  A JURY

MAY AWARD PUNITIVE DAMAGES TO PUNISH A DEFENDANT, OR TO

DETER THE DEFENDANT AND OTHERS LIKE HIM FROM COMMITTING

SUCH CONDUCT IN THE FUTURE.  THE JURY MAY AWARD PUNITIVE

DAMAGES EVEN IF IT AWARDED NOMINAL RATHER THAN

COMPENSATORY DAMAGES.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THEN YOU

SHOULD CONSIDER THE PURPOSES OF PUNITIVE DAMAGES IN

DECIDING THE AMOUNT OF PUNITIVE DAMAGES TO AWARD.  THAT

IS, IN DECIDING THE AMOUNT OF PUNITIVE DAMAGES, YOU SHOULD

CONSIDER THE DEGREE TO WHICH DEFENDANTS SHOULD BE

PUNISHED FOR THEIR WRONGFUL CONDUCT TOWARD PLAINTIFF,

AND THE DEGREE TO WHICH AN AWARD OF ONE SUM OR ANOTHER

WILL DETER DEFENDANTS OR OTHERS FROM COMMITTING SIMILAR

WRONGFUL ACTS IN THE FUTURE.

IN CONSIDERING THE PURPOSES OF PUNISHMENT AND

DETERRENCE, YOU SHOULD CONSIDER THE NATURE OF

DEFENDANTS' ACTIONS.  FOR EXAMPLE, YOU ARE ENTITLED TO

CONSIDER WHETHER THE DEFENDANTS' ACTS WERE VIOLENT OR

NON-VIOLENT, OR DONE FOR A VALID PENOLOGICAL PURPOSE OR

NOT.  YOU SHOULD ALSO CONSIDER THE AMOUNT OF HARM

ACTUALLY CAUSED BY THE DEFENDANTS' ACTIONS, AND THE HARM THAT COULD RESULT IF SUCH ACTS ARE NOT DETERRED IN THE FUTURE.

### V. PROCESS OF JURY DELIBERATION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE.

THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS.

THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE.  SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT TENDS TO "LOCK-IN" A

PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF

VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH

OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING

BEFORE RESPONDING. DON'T INTERRUPT AND DON'T MONOPOLIZE

THE DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND

RESPECTFUL OF OTHER OPINIONS, AND DON'T TAKE IT

PERSONALLY IF SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND YOU

HAVE REVIEWED A COPY.  YOU WILL TAKE THE ORIGINAL VERDICT

FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED A

UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL EACH

SIGN IT, HAVE YOUR FOREPERSON DATE IT, AND THEN SIGNAL THE

BAILIFF THAT YOU ARE PREPARED TO RETURN TO THE

COURTROOM.

YOU WILL ALSO BE PROVIDED WITH COPIES OF

THESE INSTRUCTIONS FOR YOUR USE DURING

DELIBERATIONS.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO WILL BRING IT TO MY ATTENTION. AFTER CONSULTING WITH THE LAWYERS, I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY.  I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND. WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY.

YOU WILL NOTE FROM THE OATH ABOUT  TO  BE TAKEN BY THE BAILIFF THAT HE OR SHE TOO, AS WELL AS ALL OTHER

PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

[SWEAR BAILIFF AND SEND JURY OUT]